UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CRYSTAL LOYA, as mother of G.L.H., a minor child,<br><br>      Plaintiff,<br>v.<br><br>CHAD & MARIA INVESTMENTS, LLC,<br><br>      Defendant. | Case No. 4:13-cv-4111-SLD-JAG |

**ORDER**

On November 18, 2013, Plaintiff Crystal Loya filed suit against Defendant Chad & Maria Investments, LLC, ("C&M") in the Circuit Court of the County of Rock Island, Illinois, for injuries to her child under the Illinois Lead Poisoning Prevention Act. C&M filed a Notice of Removal on December 16, 2013. ECF No. 3. Before the Court is Loya's Motion to Remand, filed on December 19, 2013. ECF No. 5. For the reasons set forth below, the Motion to Remand is granted.

**DISCUSSION**

A defendant may remove a case from state to federal court when it could have been brought in federal court originally. 28 U.S.C. § 1441. In this case, jurisdiction may be found if there is (1) diversity of citizenship and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In any case premised on diversity jurisdiction, this Court must independently determine whether the parties meet the diversity and amount in controversy requirements of 28 U.S.C. § 1332, even if jurisdiction is not contested. *Thomas v. Guardsmark*, LLC, 487 F.3d 531, 533 (7th Cir. 2007). Where jurisdiction is contested, the proponent must prove the jurisdictional

1

facts by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Here, Loya only disputes the amount in controversy. The Court independently finds, however, that diversity of citizenship has not been adequately alleged.

## I. Diversity of Citizenship

In order to satisfy the diversity of citizenship requirement, "complete diversity" must be established—no plaintiff and defendant can be a citizen of the same state. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). Therefore, the citizenship of each party to the litigation must be identified. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Merely alleging residence, without alleging domicile, is insufficient to establish citizenship. *See, e.g.*, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012); *America's Best Inns v. Best Inns of Abilene*, 980 F. 2d 1072, 1074 (7th Cir. 1992) (per curiam). For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members. *See Thomas*, 487 F.3d at 534.

Here, C&M states that "[i]ts members are Chad Merrihew and Maria Barnes, who are citizens and residents of Costa Mesa, California and Laguna Beach, California, respectively." Instead of alleging the citizenship of Loya, however, C&M simply states her State Complaint identifies her as "a resident of Davenport County of Scott, State of Iowa." Since merely alleging residence, without alleging domicile, is insufficient to establish citizenship, the Court finds that C&M has failed to establish that the parties are diverse.

## II. Amount in Controversy

Next, the Court agrees with Loya that C&M has failed to establish that the amount in controversy exceeds $75,000. The party seeking removal bears the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. 28

U.S.C. § 1446(c)(2)(B); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Meridian*, 441 F.3d at 543). The Seventh Circuit has provided a non-exclusive list of ways to make this showing, such as "by contentions[,] interrogatories[,] or admissions in state court; by calculation from the complaint's allegations . . . ; by reference to the plaintiff's informal estimates or settlement demands . . . ; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy plaintiff's demands." *Meridian*, 441 F.3d at 541–42. Once the proponent's burden is met, the plaintiff can defeat jurisdiction only if "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.*

Here, C&M does not offer any proof that the amount in controversy requirement has been met. C&M asserts that "the Plaintiff's allegations in the Complaint that the Plaintiff's minor child had high levels of lead in her blood, suffered serious and permanent physical, mental and neurological damages, is disabled, will suffer great future pain and suffering, and will limit her future earnings, demonstrate that the amount in controversy exceeds $75,000.00." Notice of Removal ¶ 4, ECF No. 3. In other words, C&M alleges that the nature of Loya's claimed injuries is, without more, sufficient to establish the amount in controversy. In its Response to the Motion for Remand, Defendant cites to a Southern District of Illinois case for the proposition that "[w]here a plaintiff alleges severe and permanent injuries, court [sic] have found that the jurisdictional amount is met." Resp. Mot. Remand 1, ECF No. 6 (citing *Rodgers v. Johnson & Johnson*, No. 11-551-GPM, 2011 U.S. Dist. LEXIS 68015, at *2 (S.D. Ill. June 24, 2011)). But that case relies on a Seventh Circuit decision, *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006), in which the plaintiff did not contest that the amount-in-controversy exceeded $75,000. C&M also argues that Plaintiff admits that the amount in controversy may exceed $75,000 in her Motion to Remand when

she states that "this matter may not exceed $75,000." C&M's interpretation of Loya's statement does not suffice to show by a preponderance of the evidence that the amount-in-controversy requirement is met. The Court therefore concludes that C&M has failed to meet its burden.

## CONCLUSION

Defendant C&M has not established that either requirement for diversity jurisdiction is met such that removal under 28 U.S.C. § 1441 is permissible. Therefore, the Court GRANTS Plaintiff Loya's Motion to Remand, ECF No. 5.

Entered this 29th day of January, 2014.

s/Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
